# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

ASCENT CHIROPRACTIC LLC,
a Wisconsin limited liability company,
individually and as the representative of
a class of similarly situated persons,

        **Plaintiff,**

        **v.**                      **Case No. 25-C-1711**

SIMONMED IMAGING MSO, LLC,

        **Defendant.**

---

## PROTECTIVE ORDER

---

Based on the Stipulation of the parties and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS THEREFORE ORDERED** that, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

**(A)   DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(1)     One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain:

(a)     material which has either not been made public voluntarily or has been made public as the result of a breach of any agreement, statutory duty, or as the result of any other wrongdoing, and includes identifiable information about patients which is subject to the protection of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or other similar statutory or regulatory privacy protections;

(b)     material which has not been made public voluntarily and which contains proprietary or competitively sensitive business information;

(c)     material which has not been made public voluntarily and which is protected from disclosure by federal or state constitutional, statutory and common law, including, but not limited to, rights of privacy of the Parties and of third parties;

(d)     information or documents that are subject to confidentiality and/or disclosure agreements involving a party; or

(e)     information not otherwise specified herein that counsel determines in good faith requires such a designation in order to protect the interests of a client or non-party.

(2)     One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain material that is of a particularly sensitive nature, consisting of:

(a)     financial information that is of a highly confidential nature and necessary to the producing person's competitive edge in the marketplace;

(b)     trade secret information;

2

(c)     business plans or processes, service or product development information, or marketing plans; or

(d)     information not otherwise specified herein that counsel determines in good faith requires such a designation in order to protect the interests of a client or non-party.

(3)     Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure.  In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential.  Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them.  There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4)     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(5)     If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party

3

within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

(6)     Pursuant to Rule 502(d) of the Federal Rules of Evidence, if a party inadvertently produces materials that the party later discovers, in good faith, to be privileged or subject to other protection, such as work-product protection, the inadvertent production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections.  Where a Party has inadvertently produced a document that the party later claims should not have been produced because of privilege, the party may request the return of any such document by making a written request.  A request for the return of any document shall identify the document by Bates number and the basis for asserting the document (or portions thereof) is privileged.  If a party requests the return of any such document from another party, the party to whom the request is made shall within five (5) days return to the party all copies of the document within its possession, custody, or control (including but not limited to all copies in possession of any experts or consultants) or shall contest the claim of privilege or inadvertent production.  In the event a party contests the claim of privilege or inadvertent production, that party may file and serve a motion or other application acceptable by the Court to obtain a judicial determination that the document is not privileged.  Until such a judicial determination is made, the alleged privileged document shall be afforded privileged status.

**(B)     STIPULATED ORDER CONSTITUTES QUALIFIED PROTECTIVE ORDER UNDER 45 CFR 164.512(E).**  The Parties expressly understand and agree that certain documents and information relevant to the claims and defenses in the Action may contain medical information regarding or relating to individuals who have a privacy interest in such information and that disclosure thereof would be contrary to the law and public interest.  The Parties also understand and agree that such documents and information are subject to the Standards of Privacy

4

of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to HIPAA or other similar statutory or regulatory privacy protections. The Parties agree that, once adopted, this Stipulated Protective Order will constitute a Qualified Protective Order under 45 C.F.R. 164.512(e). The Parties agree that, whenever possible, they will work to redact medical information relating to individuals to the extent possible without compromising the information relevant to this Action.

**(C)   DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as CONFIDENTIAL OR ATTORNEYS' EYES ONLY ("Protected Material") under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (C)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals). The parties must not disclose information, documents, or other material designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified.

(1)   CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

(a)   Counsel representing any party to the Action, including in-house counsel;

(b)   Paralegal, secretarial, and clerical employees of counsel representing any party to the Action;

(c) The Court and the Court's employees whose duties require access to information lodged or filed in connection with the Action;

(d) Any non-party support services including, but not limited to, stenographers, reporters, other persons involved in recording or transcribing testimony in the Action (including depositions and hearings); employees of copying, microfilming, or other services engaged to reproduce, scan, or store Protected Materials in the Action;

(e) Experts and consultants retained or consulted by counsel concerning the Action and the employees of any such expert or consultant who are assisting in the work for which the expert or consultant is engaged, so long as such expert, consultant, or employee has signed an Acknowledgment and Agreement to Be Bound in the form as an attachment to this Order;

(f) Any mediator who may be utilized in connection with the Action;

(g) Persons who prepared the Protected Materials;

(h) Directors, officers, and employees of the designating party or any subsidiary or affiliate thereof;

(i) The named plaintiff to this Action, except that PHI regarding members of the putative class, their patients, or other individuals shall not be so disclosed; and

(j) Any other person as to whom the Parties agree in writing.

(2) ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made to the "qualified persons" listed

6

above, except that such material may not be provided to the persons identified in Sections C(1)(h) and C(1)(i) above unless the Parties so agree in writing.

(3) Nothing herein shall be construed to prevent disclosure of Protected Material if such disclosure is required by law or by order of the Court. However, if another court or administrative agency subpoenas or orders production of Protected Material that a party has obtained under the terms of this Order, such party shall promptly notify the party or another person designating the document as Confidential or Confidential—Attorneys' Eyes Only of the pendency of the subpoena or order and shall not produce the Protected Material until the designating party or person has had a reasonable time (not to be less than three business days) to object or otherwise to take appropriate steps to protect the Protected Material. If the party receiving a subpoena or order to produce Protected Material is unable to provide notice to the other party at least three business days prior to the required date for production, the party receiving the subpoena must respond to the subpoena or order by sending a copy of this Protective Order, and may not produce Protected Material until the designating party or person has had three business days to take appropriate steps to protect the Protected Material.

**(D) MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

7

(2)     To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in General L. R. 79(d).  If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a third party, the party making the filing shall provide notice of the filing to the third party.

(E)     **CHALLENGES TO CONFIDENTIALITY DESIGNATION**.  A party may challenge the designation of confidentiality by motion.  The movant must accompany such a motion with the statement required by Civil L. R. 37.  The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential.  The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

(F)     **CONCLUSION OF LITIGATION.**  At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law.  Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

Dated at Green Bay, Wisconsin this 15th day of July, 2026.

William C. Griesbach
United States District Judge

8