**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ASCENT CHIROPRACTIC, LLC,**

**Plaintiff,**

**v.** **Case No. 25-C-1711**

**SIMONMED IMAGING MSO, LLC,**

**Defendant.**

---

## ORDER DENYING DEFENDANT'S MOTION TO STAY

---

Plaintiff Ascent Chiropractic, LLC (Ascent), a Wisconsin limited liability company, filed a putative class action complaint against Defendant SimonMed Imaging MSO, LLC (SimonMed), alleging that SimonMed violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by sending an advertisement that offered a discounted price for one of its services. The TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 42 U.S.C. § 227(b)(1)(C). In its answer, SimonMed admitted that it sent the alleged advertisement but asserted as an affirmative defense that it sent it via "online fax services and other means that do not qualify as a 'telephone facsimile machine'" within the meaning of the TCPA. Dkt. No. 16 at 24.

The question whether faxes received via an "online fax service" qualify as faxes sent to a "telephone facsimile machine" within the meaning of 47 U.S.C. § 227 is apparently one that has led to a split in the circuits. *Compare Lyngaas v. Curaden AG*, 992 F.3d 412, 427 (6th Cir. 2021) (rejecting argument that holding that "a fax received by any device (such as a computer) that is not a traditional fax machine falls outside the scope of the TCPA"), *with Career Counseling, Inc. v.*

*AmeriFactors Financial Group, LLC*, 91 F.4th 202 (4th Cir. 2024) (holding that an "online fax service . . . cannot be said to qualify as a 'telephone facsimile machine' under the TCPA"). The case is before the Court on SimonMed's motion to stay the case pending the resolution of (1) the putative class action in *Schwanke v. SimonMed Imaging LLC*, No. 2:25-cv-01759-DGC (D. Ariz) (the *Schwanke* action), in which the same issue is raised; and (2) the Ninth Circuit's resolution of an appeal which likewise raises the same issue, *see True Health Chiropractic, Inc. v. McKesson Corp.*, No. 4:13-cv-02219-HSG (N.D. Cal. May 22, 2026), *appeal docketed*, No. 26-4045 (9th Cir. June 5, 2026). Dkt. No. 23.

In support of its motion, SimonMed notes that the plaintiffs in the *Schwanke* action are represented by the same law firm that represents Ascent in this case. Dkt. No. 23 at 11. The *Schwanke* action, the first-filed action, was filed on May 22, 2025, whereas this action was filed on November 3, 2025. Dkt. No. 1. SimonMed argues that since the same law firm is representing the plaintiffs in both cases, the filing of the *Ascent* case in this court is an example of forum shopping and creates duplicative litigation. Dkt. No. 23 at 11.

SimonMed further notes that the putative *Schwanke* class entirely subsumes the putative class in this case. Dkt. No. 23 at 2. The class in *Schwanke* consists of plaintiffs who received faxes from SimonMed advertising "medical imaging services," "paid registration for medical symposiums," or "promotional pricing" since May 22, 2025. *Id.* at 10. The proposed class in this case includes "[a]ll persons and entities who were sent a fax after November 2, 2021, offering a discounted price for a service from SimonMed Imaging." Dkt. No. 15 ¶ 38. SimonMed argues that because every individual member of the *Ascent* class is necessarily included in the *Schwanke* class, a resolution of the claims in *Schwanke* would resolve those here. Dkt. No. 23 at 10. In addition, SimonMed asserts that "[t]he *Schwanke* court may certify or deny certification of a class

that fully encompasses the *Ascent* class, potentially creating conflicting class definitions or competing class actions." *Id.* "A stay," SimonMed argues, "avoids these risks, ensures orderly resolution of the common issues in the first-filed forum, and declines to countenance the forum shopping inherent in the filing of this action." *Id.* It asserts that a stay would also promote judicial efficiency and conserve the parties' resources.

The plain fact, however, is that the plaintiffs in the two cases, at least at this time, are not the same. The named plaintiff in the *Schwanke* case is not the named plaintiff in this case. While Ascent may fall within the class on whose behalf Schwanke seeks to bring its action, the district court presiding over the *Schwanke* case has not certified a class. Thus, Ascent is not a party to the *Schwanke* action. And even if the court eventually certifies the proposed class in *Schwanke*, Ascent would be free to opt out of the class, which it presumably would in the event the Ninth Circuit holds that the TCPA does not apply to an online fax service, since the Seventh Circuit has apparently not yet ruled on the issue. *See* Fed. R. Civ. P. 23(c)(2)(B)(v).

It follows that this case does not constitute duplicative litigation or improper forum shopping. Ascent is a Wisconsin limited liability company and is entitled to bring its case against SimonMed in the district in which it is located. Whether the proposed class should be certified in either case is premature. In its current posture, it makes no sense to stay this action pending the decision of the Ninth Circuit in *McKesson*, since that court's decision will not be binding in this case. For these reasons, SimonMed's motion for a stay of proceedings in this case will be denied.

This does not mean, however, that the parties must incur the full costs of extensively litigating the same issue. This judge offers a streamlined summary judgment (SSJ) procedure in cases where "a wholly or partially dispositive issue is narrow, discrete, and capable of early resolution without the need for extensive discovery." *See* Instruction for Litigants at 3 (available

at https://www.wied.uscourts.gov/judges/william-c-griesbach). The SSJ procedure is intended as "an alternative to the more formal procedure set forth in Civil L.R. 56, which is generally used after all or almost all discovery has been completed." Given the fact that this appears to be a narrow legal issue that has been extensively briefed in other courts, it may be a simple matter to "tee it up" for a relatively prompt resolution, at least at the trial court level. The parties are invited to consider this option. In any event, for the reasons set forth herein, SimonMed's motion to stay proceedings in this case (Dkt. No. 23) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 21st day of August, 2026.

William C. Griesbach
United States District Judge